## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**KWAME MOORE,**
   **Plaintiff,**

  v.                 Case No. 14-CV-1376

**DAVID A. CLARKE, JR.,**
   **Defendant,**

## DECISION AND ORDER

  Plaintiff, Kwame Moore, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was at the Milwaukee County Jail. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

  Plaintiff has been assessed and paid an initial partial filing fee of $47.00. I will grant his motion for leave to proceed in forma pauperis.

  Since filing his complaint, plaintiff has retained counsel; Attorney Robert Theine Pledl has filed a notice of appearance on plaintiff's behalf. Nevertheless, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff suggests that he was reluctant to press his medical call button at the Milwaukee County Jail because he was threatened with disciplinary action if the officer did not feel his medical issue was an emergency. Accordingly, when he had a medical concern, the threat of 30 days in the "hole" scared plaintiff into not receiving the medical treatment he needed for over twelve hours, which resulted in excruciating pain and the removal of plaintiff's left testicle.

These allegations are very serious and implicate plaintiff's Eighth Amendment right to medical care. However, they are vague as to details regarding what caused plaintiff's medical concern and who was personally involved in the threats of discipline or the care plaintiff received. At this time, plaintiff has named Milwaukee County Sheriff David Clarke, Jr. as the only defendant, but the complaint contains neither allegations of personal involvement by Clarke nor a policy claim against Milwaukee County. I will provide plaintiff, through his counsel, the opportunity to file an amended complaint curing the deficiencies in plaintiff's original complaint on or before **Friday, June 12, 2015**.

**THEREFORE, IT IS ORDERED** plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Friday June 12, 2015**, plaintiff shall file an amended complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $303.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of Stanley Correctional Institution.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge